GEORGE COCKS et al.

v.

ANNA VARNEY et al.

1. Where the will of a non-resident has never been proved in this state, his executors cannot be called to account here for their dealings with the estate.

2. A bill, which prayed relief against all the executors of an estate and also against one of them individually as a mortgagee, with notice of the trust, of property bought with the money of the estate for some of the *cestuis que trustent* under the will—*Held*, multifarious.

Bill for relief.   On general demurrers.

*Mr. T. N. McCarter*, for demurrants.

*Mr. R. Allen, Jr.*, for complainants.

THE CHANCELLOR.

The bill states that John Cocks, deceased, late of New York, the grandfather of the complainants, by his will provided that one-fifth of the residue of his estate should be invested by his executors, and the interest thereof applied by them to the support of his son David (the father of the complainants) and his wife and children, and that at David's death the share should go to David's children; that the will was proved in the state of New York, and letters testamentary thereon issued there to the executors, who were the testator's sons, David and Harrison, and his daughter Phebe, and Daniel E. Haviland, her husband, his daughter Mary, and George J. Barlow, her husband, and his daughter Anna Cocks, who, after his death, became the wife of Charles Varney; that Barlow, with the consent of the other executors, got all the estate into his hands, and with part of the above-mentioned share bought a house and lot in Monmouth county, and took the title in his own name; and that after mort-

gaging the property to one Wardell Ivins (now deceased) for $400, and to Mrs. Varney for $4,000, he conveyed it, subject to the mortgages, to the complainants, whose father was then dead. The bill alleges that that is all that the complainants have received for or on account of their share of the estate, and that the share was of far greater value than that property. It also states that Mrs. Varney knew, when she took her mortgage (it was taken in the lifetime of David Cocks), that the property had been bought with money which was part of the before-mentioned share; and it also alleges that she, as executrix, was liable to the complainants for a far greater sum on account of that share than the amount which she claims is due to her upon the mortgage. Ivins's administrator has begun a suit to foreclose his mortgage, to which suit she is a party. The bill prays an account of the estate of John Cocks from the surviving executors, and that they may be decreed to pay over to the complainants what is due to them for their share. It also seeks to restrain Mrs. Varney from collecting or parting with her mortgage, and prays that it may be canceled.

Mr. and Mrs. Haviland and Mr. Varney demur to the bill on the ground of want of jurisdiction as to the relief prayed against the executors, and for multifariousness, and Mrs. Varney demurs upon the ground of want of jurisdiction as to the discovery and relief in respect to the estate, and answers the rest of the bill.

The testator was domiciled in the state of New York, and his will was proved there. It does not appear that it was ever proved in this state. The executors, therefore, cannot be required to come to an account here for their dealings with the estate. The demurrers are well taken on that point.

And so, too, as to the other ground of objection. Relief against all of the defendants as executors, and relief against Mrs. Varney as mortgagee of trust property, with notice of the trust, are manifestly distinct matters, having no connection with each other. In the latter the executors, as such, have no interest.

The demurrers will be allowed.